ALDEN J. PARKER (SBN 196808)
E-Mail: aparker@fisherphillips.com
REBECCA A. HAUSE-SCHULTZ (SBN 292252)
Email: rhause-schultz@fisherphillips.com
CHRISTOPHER J. TRUXLER (SBN 282354)
Email: ctruxler@fisherphillips.com
HEATHER M. DOMINGO (SBN 334603)
Email: hdomingo@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile:  (916) 210-0401

Attorneys for Defendant
ALCO HARVESTING LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHAVEZ, an individual and successor in interest to LEODEGARIO CHAVEZ ALVARADO,<br><br>              Plaintiff,<br><br>     v.<br><br>ALCO HARVESTING LLC; NICHOLSON 210 LLC; and DOES 1-20, inclusive,<br><br>              Defendants. | Case No:<br><br>*[Previously Santa Barbara Superior Court Case No. 22CV00331; Assigned for all purposes to the Hon. Timothy J. Staffel, Dept. 3]*<br><br>**DEFENDANT ALCO HARVESTING LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § § 1332, 1441 AND 1446**<br><br>State Action Filed: January 26, 2022<br>Trial Date:          None Set |

**PLEASE TAKE NOTICE** that Defendant ALCO HARVESTING LLC ("Defendant" or "Alco") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removes the above-captioned matter from the Superior Court of the State of California for the County of Santa Barbara to the United States District Court for the Central District of California, Western Division. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship jurisdiction), and removal is proper for the following reasons

## I. BACKGROUND

1. On January 26, 2022, Plaintiff Maria Chavez filed a Complaint against Nicholson 210 LLC ("Nicholson") and Alco in the Superior Court of the State of California, County of Santa Barbara, Case No. 22CV00331. On the same day, Plaintiff received summons for Defendants, which Plaintiff served on Nicholson but not Alco. *See* **Exhibit 1** (Complaint, Statement of Damages, Summons, and Civil Cover Sheet).

2. The Complaint purports to state a survival action and claims for negligence, wrongful death, and premises liability under California law in connection with the death of Plaintiff's husband from COVID-19, Leodegario Chavez Alvarado. Among other relief, Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees. *See* **Exhibit 1** (Complaint, Statement of Damages). Alco denies any liability for the claims and reserves its right to raise any and all defenses at a later date, but treats the Complaint's allegations as true for purposes of this Notice of Removal only.

## II. GROUNDS FOR REMOVAL

3. As set forth fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and this action is between "Citizens of different States[.]"

///
///
///

DEFENDANT ALCO HARVESTING LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § § 1332, 1441 AND 1446
FP 43324848.1

**A.    The $75,000 Amount-In-Controversy Requirement Is Satisfied.**

4.    28 U.S.C. section 1332(a) requires that the amount in controversy exceed "the sum or value of $75,000, exclusive of interest and costs."

5.    If, as here, "removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a)," section 1446(c)(2) of Title 28 provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) ("If the plaintiffs complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"). While Defendant denies that it is liable for any of Plaintiff's claims, the amount in controversy requirement is satisfied because Plaintiff's Complaint demands the stated sum of **$10,000,000.00**. *See* **Exhibit 1** (Statement of Damages).

6.    "[I]f the complaint alleges damages in excess of the federal amount-in-controversy requirement, then the amount-in-controversy requirement **is presumptively satisfied** unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum.'" *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373,376 (9th Cir. 1997) (emphasis added). A defendant's burden on removal is "normally" satisfied "if the plaintiff claims a sum greater than the jurisdictional requirement." *Gaus v. Miles, Inc.*, 980 F.2d 564,566 (9th Cir. 1992).

7.    Additionally, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). A plaintiff cannot evade federal jurisdiction by alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Serv. LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

8.    "The ultimate inquiry is what amount is put in controversy by the plaintiffs complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*,

536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiffs claims for damages.'" *Id*. at 1204-05. The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, Case No. 1 :10-cv-01555-LJO-SKO, 2011 WL 92016, *11 (E.D. Cal. Jan. 11, 2011) (for purposes of removal a court "must deal with what has actually been pled").

9.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 24 2007) (citations omitted; emphasis original) ( denying motion for remand); *see also Beacon Healthcare Serv. Inc. v. Leavitt*, 629 F .3d 981, 984 (9th Cir. 2010) ("The amount in controversy is judged prospectively: that is, we determine our jurisdiction by asking whether, assuming the petitioner or plaintiff has stated a cause of action, he has pled sufficient damages.").

10.     Here, Plaintiff purports to state a survival action and claims for negligence, wrongful death, and premises liability under California law in connection with the death of Plaintiff's husband from COVID-19, Leodegario Chavez Alvarado. Although Defendant denies any liability as to Plaintiff's claims, the amount-in-controversy requirement is satisfied because it is "more likely than not" that the amount-in-controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403--404 (9th Cir. 1996) (internal citation omitted); *accord Rodriguez*, 728 F.3d at 981 (holding that the preponderance of evidence standard governs factual issues at removal).

### B.     Complete Diversity Exists

11.     Plaintiff is, and her decedent husband was, a citizen of the State of Arizona. *See* **Exhibit 1** (Declaration of Maria Chavez) ("I am, and at all times herein mentioned have been, a resident of the County of Yuma, in the State of Arizona.").

12.     Alco is a citizen of the State of California.  It is incorporated under the laws of the State of California. (*See* Mackenzie Decl., ¶¶ 2-3.) Alco's principal place of business is located in California because the appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id*. California is the site of Alco's corporate headquarters and the state in which executive offices are located and where Alco's high-level officers direct, control, and coordinate its activities. (*See* Mackenzie Decl., ¶¶ 2-3.) All of Alco's executive and administrative functions take place in California. (*Id*.)

13.     Further, because Alco has not been properly joined and served, the forum-defendant rule does not bar Alco from removing the action to federal court. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018). Federal Courts in California cite the Third Circuit's conclusion with approval. *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019); *Zirkin v. Shandy Media, Inc.*, No. 218CV09207ODWSSX, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019); *accord Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *McCall v. Scott*, 239 F.3d 808, 813, n.2 (6th Cir. 2001); *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

14.     On information and belief, Alco alleges that Nicholson is also a citizen of the State of California, and therefore diverse from Plaintiff.

15.     Accordingly, there is complete diversity between Plaintiff and Defendants, and subject matter jurisdiction exists under 28 U.S.C. § 1332(a).

## C.     Defendants Satisfied the Procedural Requirements for Removal

16.     Under 28 U.S.C. §§ 1441(a) and (b), any civil action over which this Court would have original jurisdiction may be removed to this Court by any defendant.

17.     Under Section 1441(b)(2): "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Section 1441(b)(2) does not apply here because Alco has not been served with the Complaint in this action. *Encompass*, 902 F.3d at 152-54 (3d Cir. 2018) (holding that Section 1441(b)(2) does not preclude removal by instate defendant).

18.     Removal to this District is proper because the Central District of California includes Santa Barbara, California. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (providing that the Central District of California includes Santa Barbara County).

19.     28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon Defendants in the state court action to be included with this Notice of Removal.

20.     Defendant will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Santa Barbara, and will promptly serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

21.     By filing this Notice of Removal, Defendant does not waive, either expressly or implicitly, its rights to assert any defense which it could have asserted in the Superior Court of the State of California for the County of Santa Barbara.

///

///

///

///

///

///

///

///

///

DEFENDANT ALCO HARVESTING LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § § 1332, 1441 AND 1446
FP 43324848.1

III.    **PRAYER FOR REMOVAL**

22.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Santa Barbara, to the United States District Court for the Central District of California, Western Division.

Dated:  March 3, 2022                    Respectfully submitted,

FISHER & PHILLIPS LLP

By:    */s/ Christopher J. Truxler*
ALDEN J. PARKER
REBECCA A. HAUSE-SCHULTZ
CHRISTOPHER J. TRUXLER
HEATHER M. DOMINGO
Attorneys for Defendant
ALCO HARVESTING LLC

DEFENDANT ALCO HARVESTING LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § § 1332, 1441 AND 1446
FP 43324848.1

# EXHIBIT 1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>1/26/2022 2:04 PM<br>By: Jazmine Killian, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALCO HARVESTING LLC; NICHOLSON 210 LLC; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA CHAVEZ, an individual and successor in interest to LEODEGARIO CHAVEZ ALVARADO,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* Santa Maria Cook Division | CASE NUMBER:<br>*(Número del Caso):* **22CV00331** |
|---|---|

312-C East Cook Street
Santa Maria, CA 93454

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Osorio, 515 South Flower Street, 19th Floor, Los Angeles, CA 90071, (213) 568-4000

| DATE: 1/26/2022 | Clerk, by | /s/ Jazmine Killian | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒☒ on behalf of (specify):    **NICHOLSON 210 LLC**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒☒ other (specify): **17701.16**
4. ☒☒ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Matthew P. Blair (SBN: 278411)<br>David Osorio, Esq. (SBN 323414)<br>BLAIR & RAMIREZ LLP<br>515 South Flower Street, 19th Floor, Los Angeles, CA 90071<br>TELEPHONE NO.: 213-568-4000    FAX NO.: 213-568-4100<br>ATTORNEY FOR *(Name)*: Plaintiff Maria Chavez | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>1/26/2022 2:04 PM<br>By: Jazmine Killian, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 312-C East Cook Street
MAILING ADDRESS: 312-C East Cook Street
CITY AND ZIP CODE: Santa Maria, CA 93454
BRANCH NAME: Santa Maria Cook Division

| CASE NAME:<br>Maria Chavez v. Alco Harvesting LLC et al. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |
| | CASE NUMBER: 22CV00331 |
| | JUDGE: |
| | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 26, 2022
David Osorio
_____
(TYPE OR PRINT NAME)      ►      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| David Osorio (SBN: 323414)<br>BLAIR & RAMIREZ LLP<br>515 South Flower Street, 19th Floor<br>Los Angeles, CA 90071<br>ATTORNEY FOR *(NAME):* Maria Chavez | | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>1/26/2022 2:04 PM<br>By: Jazmine Killian, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**

| ☐ Santa Barbara–Anacapa<br>1100 Anacapa Street<br>Santa Barbara, CA 93101 | ☒ Santa Maria-Cook<br>312-C East Cook Street<br>Santa Maria, CA 93454 | ☐ Lompoc Division<br>115 Civic Center Plaza<br>Lompoc, CA 93436 |
|---|---|---|

PLAINTIFF: Maria Chavez

DEFENDANT: Alco Harvesting LLC

| **CIVIL CASE COVER SHEET ADDENDUM** | CASE NUMBER:<br>22CV00331 |
|---|---|

Santa Barbara County Superior Court Local Rule, rule 201 divides Santa Barbara County geographically into two separate regions referred to as "South County" and "North County," the boundaries of which are more particularly defined in rule 201. "South County" includes the cities of Carpinteria, Santa Barbara, and Goleta; "North County" includes the cities of Santa Maria, Lompoc, Buellton and Solvang. A map depicting this geographical division is contained in Appendix 1 to the local rules.

Local Rule 203 provides: "When, under California law, 'North County' would be a 'proper county' for venue purposes, all filings for such matters shall be in the appropriate division of the Clerk's office in North County. All other filings shall be made in the Clerk's office in the appropriate division of the Court in South County. The title of the Court required to be placed on the first page of documents pursuant to CRC 2.111 includes the name of the appropriate Court division."

A plaintiff filing a new complaint or petition is required by Local Rule 1310 to complete and file this Civil Case Cover Sheet Addendum to state the basis for filing in North County or South County.

The undersigned represents to the Court:

This action is filed in ☒ North County ☐ South County because venue is proper in this region for the following reason(s):

☐ A defendant resides or has its principal place of business in this region at: _____

☒ The personal injury, damage to property, or breach of contract that is claimed in the complaint occurred in this region at: Santa Maria, California _____

☐ There is a related case filed with the court in this region (e.g., the related personal injury action to a petition to transfer structured settlement payments) [identify case, including case number]: _____

☐ Venue is otherwise proper in this region because [explain]: _____

Dated: January 26, 2022 _____        _____
                                                Signature of Plaintiff or Plaintiff's Counsel

Oscar Ramirez (State Bar No. 236768)
Matthew P. Blair (State Bar No. 278411)
David Osorio (State Bar No. 323414)
**BLAIR & RAMIREZ LLP**
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
Tel: (213) 568-4000 • Fax: (213) 568-4100

Attorneys for Plaintiff MARIA CHAVEZ

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| MARIA CHAVEZ, an individual and successor in interest to LEODEGARIO CHAVEZ ALVARADO, | Case No. 22CV00331 (Case assigned to Department SM3, Honorable Timothy J. Staffel) |
| Plaintiff, | |
| v. | **PLAINTIFF'S STATEMENT OF DAMAGES** |
| ALCO HARVESTING LLC; NICHOLSON 210 LLC; and DOES 1-20, inclusive, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that Plaintiff, MARIA CHAVEZ, successor in interest to LEODEGARIO CHAVEZ ALVARADO, hereby prays for the following judgment against each of the Defendants in the case:

    (A)    General damages for injuries to health of mind and body and loss of enjoyment of life in the sum of $10,000,000.00 (Ten Million Dollars);

    (B)    For damages for loss of income and earnings and impairment of earning ability in an amount not yet fully ascertained;

(C)    For each and every other item of special damages as a result of said accident in an amount not yet fully ascertained;

(D)    For prejudgment interest.

DATED:  January 27, 2022          **BLAIR & RAMIREZ LLP**

By:

David Osorio, Esq.
Attorneys for Plaintiff
MARIA CHAVEZ

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

Oscar Ramirez (State Bar No. 236768)
Matthew P. Blair (State Bar No. 278411)
David Osorio (State Bar No. 323414)
**BLAIR & RAMIREZ LLP**
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
Tel: (213) 568-4000 • Fax: (213) 568-4100

Attorneys for Plaintiff MARIA CHAVEZ

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
1/26/2022 2:04 PM
By: Jazmine Killian, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

MARIA CHAVEZ, an individual and
successor in interest to LEODEGARIO
CHAVEZ ALVARADO,

Plaintiff,

v.

ALCO HARVESTING LLC; NICHOLSON
210 LLC; and DOES 1-20, inclusive,

Defendants.

Case No. 22CV00331

**COMPLAINT**

(1) **Survival Action – Negligence**
(2) **Survival Action – Premises Liability**
(3) **Wrongful Death**

**DEMAND FOR JURY TRIAL
UNLIMITED CIVIL CASE**

Plaintiff MARIA CHAVEZ, by and through her attorneys, alleges upon personal knowledge as to her own acts, and upon information and belief as to other acts, as follows:

## JURISDICTION AND VENUE

1.     Plaintiff hereby brings this complaint for compensatory, special, general, and punitive damages on the basis of a survival action for damages caused to Decedent LEODEGARIO CHAVEZ ALVARADO and on the basis of a wrongful death action on her own behalf. This Court has jurisdiction over each and all of Defendants' wrongful acts under *Code of Civil Procedure* §§ 377.30 and 377.60 because the amounts in controversy exceed this Court's jurisdictional minimum.

2.     Venue is proper under Code of Civil Procedure §§ 395(a) and 395.5 because Defendants do business in Santa Barbara County and the acts alleged herein took place within

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

1    Santa Barbara County. Further, Decedent LEODEGARIO CHAVEZ ALVARADO was

2    employed by Defendant ALCO HARVESTING LLC within Santa Barbara County.

3                                      **PARTIES**

4          3.      Plaintiff MARIA CHAVEZ is an individual over the age of eighteen (18). At all

5    relevant times herein, MARIA CHAVEZ was a resident of Yuma County, Arizona. MARIA

6    CHAVEZ is the widow and is a successor in interest to LEODEGARIO CHAVEZ ALVARADO

7    for purposes of the survival action.

8          4.      ALCO HARVESTING LLC (Alco) is a California corporation doing business in

9    Santa Barbara County and throughout the country, operating an agricultural facility in Santa

10   Maria, California.

11         5.      210 NICHOLSON LLC is a California corporation doing business in Santa

12   Barbara County. It operated the seasonal employee housing units for Alco employees. Its ability

13   to provide housing to Alco employees is subject to regulations set forth by the Department of

14   Housing and Community Development. Employees who operated and overall maintained the

15   housing units were Alco employees and, were, on that basis, responsible for maintaining safe

16   living conditions for the employees.

17         6.      Decedent LEODEGARIO CHAVEZ ALVARADO ("Decedent") was employed

18   by Alco in Santa Maria, California, Santa Barbara County, California and died as a result of gross

19   negligence and fraudulent concealment by Alco as alleged hereinafter.

20         7.      The true names and capacities of defendants named herein Does 1 through 20,

21   inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs, who

22   therefore sue such defendants by fictitious names pursuant to California Code of Civil Procedure

23   § 474. Plaintiffs will amend this complaint to show such true names and capacities of Does 1

24   through 20, inclusive, when they have been determined.

25         8.      At all times mentioned herein, each defendant was the agent and employee of each

26   and all the other defendants and was acting in the course of such agency and employment.

27         ///

28         ///

---

2

COMPLAINT AND DEMAND FOR JURY TRIAL

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.     Decedent worked at Alco Harvesting LLC as a foreman and bus driver. Alco provided Decedent and other Alco workers housing at a hotel named Hotel Santa Maria. Hotel Santa Maria was, itself, operated by 210 Nicholson LLC, and its employees were also employees of Alco Harvesting.

10.     Unknown to Decedent, an outbreak of COVID-19 was raging among its employees at Hotel Santa Maria. Alco's management discovered numerous positive COVID-19 cases amongst its employees. However, despite its discovery of this outbreak, Alco management failed to report the outbreak to the Health Department, failed to notify employees, failed to implement adequate safety measures or measures to prevent or curb the outbreak.

11.     At the time of the outbreak, there were plenty of guidelines published by the Centers for Disease Control, California Department of Public Health, and the Santa Barbara County Public Health Department that could have been utilized to prevent subsequent infections in the fields and at Hotel Santa Maria. Despite the existence of these guidelines, Alco and 210 Nicholson failed to adopt them.

12.     On or about June 26, 2020, Decedent began feeling ill. The symptoms associated with his illness were those commonly associated with a COVID-19 infection.

13.     Decedent immediately reported feeling unwell to his supervisors. On that basis, Alco and 210 Nicholson had knowledge of Decedent's illness.

14.     Despite knowing that employees were getting sick prior with COVID-19, Alco failed to inform Decedent, its other employees, or the health authorities about the outbreak.

15.     Despite knowing that he was sick as of June 26, 2021, Alco and 210 Nicholson failed to inform Decedent of this outbreak. Furthermore, despite knowing that he was sick on June 26, 2021, Alco and 210 Nicholson failed to remove him from his housing unit to one where he could quarantine.

16.     Decedent tested for COVID-19 on July 2, 2020, a full week after he reported symptoms to Alco and its supervisors. It was not until July 2, 2020 that he was placed at a Motel

COMPLAINT AND DEMAND FOR JURY TRIAL

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

6. Unfortunately, the revelation that he contracted COVID-19 as a result of the outbreak raging at Alco came too late for Decedent. His illness worsened significantly thereafter.

17.    Decedent waited for medication to alleviate some of his symptoms as early as July 2, 2020 to arrive at the temporary housing unit that he was placed in. However, that medication did not arrive. On information and belief, Alco and 210 Nicholson was responsible for making sure that this medication made it his way.

18.    As a result of this outbreak, Decedent was exposed to COVID-19 and fell ill. Alco's deliberate concealment of the outbreak and the nature of Decedent's illness resulted in the aggravation of his illness to the point that he was unable to recover and succumbed to the disease. Specifically, it prevented the timely quarantining of Decedent and prevented him from obtaining timely medical care earlier.

19.    On July 7, 2020, Plaintiff had been trying to reach Decedent that day by phone, but Decedent did not pick up the phone. Plaintiff called Defendants to see if they could check on Decedent. Only because Plaintiff pushed Defendants to check on Decedent did they find Decedent dead in his motel room. Decedent died as a result of COVID-19 complications.

20.    Plaintiffs, in their individual capacities and as successors in interest to Decedent, bring this action pursuant to Labor Code § 3602(b)(2) because Defendants fraudulently concealed the nature and connection of Decedent's illness with the employment, causing a delay in treatment, aggravating the illness, and ultimately causing the death of Decedent.

## FIRST CAUSE OF ACTION

### Negligence – Survival Action – Code of Civil Procedure § 377.30

### (Against all Defendants)

21.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

22.    Plaintiff asserts this cause of action as a successor in interest to Decedent.

23.    Alco and 210 Nicholson knew that Decedent had contracted COVID-19 at work as part of the massive outbreak taking place at Hotel Santa Maria and in the workplace; concealed knowledge of the outbreak and Decedent's condition from him; and his injury was aggravated as

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

a result of the concealment through the delay in Decedent ascertaining the true nature of his illness and obtaining medical treatment.

24.     Before Decedent's death, he endured pain and suffering and, ultimately, was unable to recover from COVID-19 related complications. He died on July 7, 2020.

25.     As a direct and proximate result of Defendants' acts and failures to act in concealing the COVID-19 outbreak failure to warn Decedent that he had contracted COVID-19 Decedent delayed in seeking medical treatment, which aggravated his illness and proximately caused death.

26.     As a direct and proximate result of Defendants' acts and failures to act as alleged herein, Decedent suffered pain and suffering and lost wages in an amount to be proven at trial.

27.     The conduct of Defendants, and their agents and employees, as alleged herein, was malicious and/or oppressive, despicable, and done with a willful and conscious disregard for Decedent's rights, safety, and health. Defendant, and their agents and employees, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiffs as successors in interest to Decedent, are entitled to punitive damages against Defendants.

## SECOND CAUSE OF ACTION

### Premises Liability – Survival Action – Code of Civil Procedure § 377.30

### (Against All Defendants)

28.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

29.     Plaintiff asserts this cause of action as a successor in interest to Decedent.

30.     The circumstances causing damages to Decedent and to Plaintiff (as successor in interest) occurred and were created, including the foreseeable and unreasonable risk of spreading a dangerous viral infection to Alco employees, as a result of Defendants' failure to operate, manage, and control their business using reasonable care.

31.     Despite the presence of guidelines from local, State, and Federal agencies for the prevention of widespread outbreaks, Defendants failed to implement them at the Hotel Santa

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

Maria.  As a result, Hotel Santa Maria became a center of contagion for all Alco employees, including Decedent.

32.    Defendants were aware of the highly dangerous, contagious, and transmissible nature of COVID-19, but did nothing to alter the set up of the Hotel Santa Maria so as to prevent an outbreak.

33.    As a result of Defendants' failure to implement protocols at the Hotel Santa Maria, the hotel became a dangerous place for Alco employees, including Decedent.  Decedent was infected with COVID-19 as a result.

34.    Before Decedent's death, he endured pain and suffering and, ultimately, was unable to recover from COVID-19 related complications.  He died on July 7, 2020.

35.    As a direct and proximate result of Defendants' acts and failures to act in concealing the COVID-19 outbreak failure to warn Decedent that he had contracted COVID-19 Decedent delayed in seeking medical treatment, which aggravated his illness and proximately caused death.

36.    As a direct and proximate result of Defendants' acts and failures to act as alleged herein, Decedent suffered pain and suffering and lost wages in an amount to be proven at trial.

37.    The conduct of Defendants, and their agents and employees, as alleged herein, was malicious and/or oppressive, despicable, and done with a willful and conscious disregard for Decedent's rights, safety, and health. Defendant, and their agents and employees, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiffs as successors in interest to Decedent, are entitled to punitive damages against Defendants.

## THIRD CAUSE OF ACTION

### Wrongful Death – Code of Civil Procedure § 377.60

### (Against All Defendants)

38.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

39.    Defendants knew that Decedent had contracted COVID-19 at work as part of the massive outbreak taking place at the Hotel Santa Maria and at their workplace; concealed

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

knowledge of the outbreak and Decedent's condition from him; and his injury was aggravated as a result of the concealment through the delay in Decedent ascertaining the true nature of his illness and obtaining medical treatment.

40.    As a direct and proximate result of Defendants' acts and failures to act in concealing the COVID-19 outbreak failure to warn Decedent that he had contracted COVID-19 Decedent delayed in seeking medical treatment, which aggravated his illness and proximately caused death.

41.    As a direct and proximate result of Defendants' acts and failures to act as alleged herein, Plaintiffs have suffered economic and noneconomic damages including, but not limited to, a loss of financial support; loss of household services provided by Decedent; funeral and burial expenses; and loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent, in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment for themselves against Defendants, as follows:

1.    Upon the First Cause of Action, for compensatory, consequential, punitive, and special damages, including general damages for Decedent's pain and suffering, according to proof;

2.    Upon the Second Cause of Action, for compensatory, consequential, general, and special damages, including general damages for Decedent's pain and suffering, according to proof;

3.    Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof;

4.    For prejudgment interest;

5.    For costs of suit herein incurred;

///
///
///

COMPLAINT AND DEMAND FOR JURY TRIAL

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

///

6.    For such other and further relief as the Court may deem proper.

DATED:  January 25, 2022          **BLAIR & RAMIREZ LLP**

David Osorio, Esq.
Attorney for Plaintiff
MARIA CHAVEZ

COMPLAINT AND DEMAND FOR JURY TRIAL

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

# DEMAND FOR JURY TRIAL

Plaintiff MARIA CHAVEZ hereby demands a jury trial with respect to all issues triable by jury.

Respectfully submitted,

DATED:  January 25, 2022        **BLAIR & RAMIREZ LLP**


David Osorio, Esq.
Attorney for Plaintiff
MARIA CHAVEZ

COMPLAINT AND DEMAND FOR JURY TRIAL

DocuSign Envelope ID: 22E5E3BE-3D1C-4001-A131-DCA6538AA07A

## <u>DECLARATION OF MARIA CHAVEZ</u>

I, Maria Chavez, hereby declare and state as follows:

1. I am, and at all times herein mentioned have been, a resident of the County of Yuma, in the State of Arizona.

2. I am 52 years old, and the facts contained herein are personally known to me.

3. I was married to Leodegario Chavez Alvarado. My husband, the decedent Leodegario Chavez Alvarado, died on July 7, 2020, in Santa Maria, California. Attached hereto is a certified copy of my husband's death certificate.

4. No proceeding is now pending in California for administration of the decedent's estate.

5. The decedent's estate has not been administered.

6. I am decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and I succeed to the decedent's interest in the action or proceeding.

7. No other person has a superior right to commence the action or proceeding or the be substituted for the decedent in the pending action or proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/25/2022

_Maria Edith Chavez_
D933F78C947D457...
Maria Chavez
Plaintiff/Successor in Interest

COMPLAINT AND DEMAND FOR JURY TRIAL